The Honorable George Firestone Secretary of State The Capitol Tallahassee, Florida 32301
Dear Secretary Firestone:
This is in response to your request for an opinion on the following questions:
 1. ARE MACHINE-READABLE INTERMEDIATE FILES "PUBLIC RECORDS" WITHIN THE MEANING OF CHS. 119 AND 267, FLORIDA STATUTES?
 2. IF MACHINE-READABLE INTERMEDIATE FILES ARE INDEED "PUBLIC RECORDS," WHO IS THE LEGAL CUSTODIAN AS DEFINED BY s. 119.021, FLORIDA STATUTES — THE OWNER AGENCY OF THE RAW DATA, OR THE DATA CENTER WHICH CREATED THE INTERMEDIATE DOCUMENTS?
As qualified herein, your first question is answered in the negative, such that no response is required to your second question.
With respect to the nature of "intermediate files" in the computer data processing context, your inquiry informs me as follows:
 As part of the task of manipulating data from input file to output file, any number of "intermediate" files may be generated. These intermediate files have been described to division staff by personnel from AMIC (Administrative Management Information Center) as "tools" used to create the final intended product that represents final evidence of the knowledge to be recorded. Often, the owner agency (the custodian) of the raw data and the final product is unaware of the existence of these intermediate documents and is only concerned with the final output file(s). Intermediate files may occasionally exist for only a few seconds as magnetic code on the hard disk of a large computer installation or on the floppy disk of a personal computer or word processor and their contents are rarely if ever reviewed by any person. By their nature, intermediate files do not lend themselves to the scheduling and dispositioning process as outlined by Chapter 1A-24 Florida Administrative Code. Additionally, custodianship and access problems exist due to the transitory nature of intermediate files and the lack of knowledge by the owner agency of the very existence of these files.
Your staff has further advised this office that these intermediate files are distinguishable from computer programs, which are also "tools" but which are used to retrieve information stored in a computer in a specified format and at high speed. To illustrate, the application of a program to the data supplied to or stored in the computer results in the creation of machine-readable intermediate files which enable the computer to assemble the data in the requested manner in order to produce an output document of some type (e.g., a printout or a disk or tape). Additionally, your inquiry notes that it is your view that "input documents [and output documents] are clearly public records . . . and lend themselves to the scheduling and dispositioning process as outlined in Chapter 1A-24 Florida Administrative Code." See also, s. 267.051(1), F.S., imposing certain records management duties and responsibilities upon the Division of Archives, History and Records Management of the Department of State.
Sections 119.011(1) and 267.021(2), F.S., provide substantially identical definitions of the term "public records." For purposes of Ch. 119, F.S., s. 119.011(1), supplies the following definition:
 "Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
There can be no doubt that information stored on a computer is as much a public record as a written page in a book or a tabulation in a file stored in a filing cabinet. Seigle v. Barry,422 So.2d 63, 65 (4 D.C.A.Fla., 1982). See, AGO 85-3 (computer tapes are public records). However, although the court in the Seigle case also suggested that "all of the information in the computer . . . should be available for examination and copying in keeping with the public policy underlying the [Public Records Act]," I am of the view that your inquiry is controlled by the judicial construction of s. 119.011(1) in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633 (Fla. 1980).
 To give content to the public records law which is consistent with the most common understanding of the term "record," we hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with "public records" are materials prepared as drafts or notes, which constitute mere precursors of governmental "records" and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business. (e.s.)
379 So.2d at 640.
From the description of "machine-readable intermediate files" furnished with your inquiry, it would seem that such files are not intended to perpetuate or formalize knowledge of some type but rather constitute mere precursors of governmental records and are not, in themselves, intended as final evidence of the knowledge to be recorded. Moreover, to the extent that such machine-readable files may be intended to "communicate" knowledge, the facts as stated in your inquiry would indicate that such communication takes place completely within the data processing equipment and in such form as to render any "inspection or examination" pursuant to Ch. 119, F.S., unintelligible and, except perhaps to the computer itself, meaningless. Thus, such machine-readable intermediate files would appear to be analogous to notes used to prepare some other documentary material and, under the construction of s.119.011(1), F.S., in Shevin v. Byron, Harless, supra, are not "public records" for purposes of Chs. 119 and 267, F.S.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that machine-readable intermediate files which are mere precursors of governmental records and are not, in themselves, intended as final evidence of the knowledge to be recorded but rather are utilized by data processing computer equipment to prepare further records which are intended to perpetuate, communicate, or formalize knowledge of some type are not "public records" within the meaning of Chs. 119 and 267, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General